IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL No. 1:14CR206 |
| v. ) | |
| ) | Hearing Date: December 5, 2014 |
| Boaz Borohov ) | |
|     Defendant ) | The Honorable Liam O'Grady |
| _____) | |

DEFENDANT'S MOTION TO SUPPRESS STATEMENTS
PURSUANT TO THE FIFTH AND SIXTH AMENDMENTS AND *MIRANDA v. ARIZONA*

COMES NOW, the Defendant Boaz Borohov, and moves this Court to suppress statements pursuant to the Fifth and Sixth Amendments to the United States Constitution and the United States Supreme Court's ruling in Miranda v. Arizona, 384 U.S. 436 (1966). While in the custody of the United States Secret Service, Mr. Borohov was interrogated without having been advised of his rights to silence and counsel. After speaking with agents for an hour, he was advised of his rights without the aid of an interpreter, and the interrogation continued.

Because Mr. Borohov was not free to leave he was, in fact, in the custody of the Secret Service and should have been advised of his rights before questioning. When agents did remember to advise him of his rights they did so in English, not his native Hebrew or with the aid of a Hebrew interpreter. All of those statements, and any evidence resulting therefrom, must be suppressed.

FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 2014, agents of the United States Secret Service conducted a search warrant on a premises in Cherry Hill, New Jersey. As Agent Keslick notes in his memorandum his interview with the Defendant, "the Borohovs were detained and questioned." Following an hour-long interrogation, Mr. Borohov was given a short break supervised by agents, at which time he was advised of his rights in English and the interview continued for another half hour. At the conclusion of the interview, Mr. Borohov consented

to a search of his cell phone. Though he is assisted by a Hebrew interpreter for every appearance before this Court and every meeting with Counsel, at no time was Mr. Borohov afforded the assistance of an interpreter when he was asked by agents to waive his Constitutional rights to silence and counsel.

On August 7, 2014, a grand jury in the Eastern District of Virginia returned a two-count superseding indictment charging Mr. Borohov and 12 co-defendants with (Count 1) a Racketeering Conspiracy, in violation of 18 U.S.C. §1962(d), and (Count 2) a Conspiracy to Produce and Distribute Counterfeit Federal Reserve Notes, in violation of 18 U.S.C. §§ 371, 471, 472, 473, and 474. The Government is also moving for forfeiture of several items related to the alleged conspiracy.

## ARGUMENT

Mr. Borohov was in custody when his interview began, and he was interrogated for an hour before he was advised of his rights to silence and counsel. Any statements he made before being advised of his rights must be suppressed pursuant to the United States Supreme Court's holding in Miranda v. Arizona, 384 U.S. 346 (1966).

There is no question that Mr. Borohov was in custody during his interrogation. As Agent Keslick notes in the first paragraph of his Memorandum of Interview, "…the Borohovs were detained and questioned." And that questioning took place after agents swarmed the premises and began their search. Though Agent Keslick goes on to describe how Mr. Borohov was allowed to check his blood sugar and was given opportunities to use the bathroom, smoke, eat, drink water and change clothes, Mr. Borohov was certainly not free to leave.

As a general matter, the "ultimate inquiry" to determine whether a suspect is in custody turns on "the totality of the circumstances relating to whether an individual's freedom of action is curtailed to a degree associated with formal arrest." United States v. Colonna, 511 F.3d 431 at 435 (4th Cir. 2007); *see also* Berkemer v. McCarty, 468 U.S. 420 at 440 (1984)(explaining that the test for custody is whether a "suspect's freedom of action is curtailed to a degree associated with formal arrest.").

In this case, Mr. Borohov's freedom was restricted to the same degree as a formal arrest – as Agent Keslick described the situation, Mr. Borohov was "detained," and not allowed to leave. At that point, he was brought to a private office by armed law enforcement agents and questioned for an hour without being advised of his rights to silence and counsel.

As Mr. Borohov was in custody when he was interrogated, his statements can only be admissible if he was made aware of his rights under the Fifth and Sixth Amendments to the United States Constituion. As the Supreme Court held in Miranda, *supra,* "…the person in custody must, prior to interrogation, be clearly informed that he has the right to remain silend, and that anything he says will be used against him in court; he must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation, and that, if he is indigent, a lawyer will be appointed to represent him." As he was not so advised, all of the statements recorded in the first hour of his interrogation must be suppressed.

The Defense further argues that the Court must also suppress all of the statements recorded after Mr. Borohov was advised – in English – of his rights by Agent Cook. As the Supreme Court noted in the Miranda decision, "no amount of circumstantial evidence that a person may have been aware of his rights will suffice." Miranda, at 471. As the Supreme Court noted later in Brady v. United States, 397 U.S. 749 (1970), "Waivers of Constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." It is our contention that Mr. Borohov could not possibly have made a knowing and intelligent waiver of his rights without hearing them in a language he understands.

There is very little case law addressing this question either way, and only a few recent decisions address the needs of defendants who are not fluent English speakers. But the trend is clearly in favor of requiring law enforcement agents to correctly state the law when advising suspects. As the 9th Circuit recently held in United States v. Botello-Rosales, *per curiam*, Case No. 10-30069 (9th Cir. 2011), merely reading the Miranda warnings to a suspect in English is not sufficient when a suspect is not fluent in English; without proof that the Spanish translation given to that defendant adequately conveyed his rights the district court was not able to successfully sustain the government's objection to the defendant's motion to suppress.

Criminal defendants who are not proficient in English are routinely provided with the services of an interpreter; in this Court, such defendants are provided with federally-certified interpreters at every court appearance and every meeting with counsel. Mr. Borohov is a native of Israel, and his rudimentary knowledge of English has led this Court to provide him and his Counsel with a Hebrew interpreter at every stage. To fail to do so would eviscerate

his right to a fair trial because only with an interpreter can he understand the proceedings and participate meaningfully in his own defense; as Judge Kaufman of the Second Circuit noted in United States ex re Negron v. New York, 434 F.2d 386 (1970), going forward with a prosecution of someone who does not fluently speak English without an interpreter is "particularly inappropriate in this nation where many languages are spoken is a callousness to the crippling language handicap of a newcomer to its shores, whose life and freedom the state by its criminal processes chooses to put in jeopardy."

     As this Court would not allow any proceeding – or meeting with Counsel – to proceed without a federal-certified Hebrew interpreter, we ask that the Court apply the same standard in considering the totality of the circumstances surrounding Mr. Borohov's waiver of his Miranda rights and suppress any statements recorded by law enforcement as the fruits of an imperfect attempt by Agent Cook to advise him of his rights.

## CONCLUSION

     In conclusion, the Defense respectfully requests that the Court suppress any statements Mr. Borohov made to law enforcement, and any evidence resulting thereof, in violation of his Fifth and Sixth Amendment rights.

Respectfully Submitted,

_____/S/_____
Leo R. Andrews, Jr.
Virginia State Bar Number 4503
Attorney for the Defendant
Post Office Box 930
Arlington, Virginia 22216
(703) 527-0808 telephone
(703) 527-0810 facsimile
leoandrews@verizon.net

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 31st day of October, 2014, an exact copy of the foregoing Position of the Defense with Respect to Sentencing Factors was filed with the Clerk of the Court using the CM/ECF system, causing a Notice of Electronic Filing to be served upon:

Kimberly Riley Pedersen, Esquire
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700 telephone
(703) 299-3980 facsimile
Kimberly.Riley.Pedersen@usdoj.gov

Gordon D. Kromberg, Esquire
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700 telephone
(703) 299-3980 facsimile
Gordon.D.Kromberg@usdoj.gov

Copies of this document have been forwarded to the following non-filing users:

By personal service:
    Boaz Borohov
    Defendant
    Alexandria Adult Detention Center

                                                                       _____/S/_____
                                                                       Leo R. Andrews, Jr.
                                                                       Virginia State Bar Number 4503
                                                                       Attorney for the Defendant
                                                                       Post Office Box 930
                                                                       Arlington, Virginia 22216
                                                                       (703) 527-0808 telephone
                                                                       (703) 527-0810 facsimile
                                                                       leoandrews@verizon.net